IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KARLA M. KALKA, an individual,    )
   )
      Plaintiff,    )
   )
v.    )    No. CIV-07-708-C
   )
NATIONAL AMERICAN INSURANCE   )
COMPANY, an Oklahoma corporation, and )
CHANDLER USA, INC., an Oklahoma   )
Corporation,    )
   )
      Defendants.    )

MEMORANDUM OPINION AND ORDER

Defendants have filed a motion to dismiss Plaintiff's employment discrimination claims against them. (Defs.' Mot., Dkt. No. 7.) Plaintiff has responded (Pl.'s Resp., Dkt. No. 18), and Defendants have filed a reply (Defs.' Reply, Dkt. No. 19). Accordingly, this matter is now at issue.

Plaintiff's complaint alleges that she worked as a workers' compensation claims adjuster/supervisor for Defendant National American Insurance Company ("NAICO") from January 2, 1994, until October 14, 2006. (See Compl., ¶ 9.) Defendant Chandler USA, Inc. ("Chandler") is NAICO's parent company. (Id. ¶ 55.) Plaintiff asserts in her complaint that she contracted a staphylococcus/pseudomonas infection during medical treatment for a work-related injury. (Id. ¶¶ 10-13.) Plaintiff further asserts that while she was on medical leave from work, her work files were transferred to other adjusters in the workers' compensation department. (Id. ¶13.) According to Plaintiff, her files were never returned to her although she lodged various complaints and after meetings with her superiors, and she was

"constructively demoted" to "work commensurate with the experience of a one[-] to two-year adjuster." (Id. ¶¶ 15-20.)  Plaintiff's complaint specifically alleges that: (1) this constructive demotion; (2) a discriminatory work environment; (3) Defendants' failure to timely conduct her evaluation and consider a salary increase; (4) a failure to promote Plaintiff to a managerial position; and (5) her termination/constructive discharge from Defendant's employment, all constituted unlawful sex discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq.  (Id. ¶¶ 21-45.)  Plaintiff additionally brings claims of unlawful retaliation under 85 Okla. Stat. § 5 and negligent retention of her direct supervisor.  (Id. ¶¶ 46-50, 54-58.)[1]

*I. Fed. R. Civ. P. 12(b)(1)*

Defendants first argue that Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Defendants assert that Plaintiff has failed to exhaust her administrative remedies, and thus the Court lacks subject matter jurisdiction over Plaintiff's federal Title VII claims.  (Defs.' Mot. at 3-5.)[2]  Title VII makes it an unlawful employment

---

[1] Plaintiff has voluntarily abandoned her breach of implied contract claim, so the Court need not consider Defendants' argument to dismiss that claim under Fed. R. Civ. P. 12(b)(6). (See Pl.'s Resp. at 12; Compl. ¶¶ 51-53.)

[2] Although Plaintiff did not attach her EEOC charge to the complaint, Defendants attached a copy to their motion, and Plaintiff does not dispute its authenticity.  (See EEOC Charge, Defs.' Mot. Ex. 1.)  "Unlike the strict limitations under 12(b)(6) against considering matters outside the complaint, a 12(b)(1) motion . . . can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion."  Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987); see, e.g., Jones v. Runyon, 91 F.3d 1398, 1400 (10th Cir. 1996) (noting that in order to determine whether plaintiff's Title VII charges should have been dismissed for lack of subject matter jurisdiction the court examined both the EEOC charge and the federal court complaint).

2

practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). In Title VII cases, exhaustion of administrative remedies, such as filing a charge with the EEOC, is a jurisdictional prerequisite to suit. Jones, 91 F.3d at 1399; see also Annett v. Univ. of Kan., 371 F.3d 1233, 1238 (10th Cir. 2004) (noting that the court "lack[s] jurisdiction to review Title VII claims that are not part of a timely-filed EEOC charge"). The federal claims a plaintiff may raise are generally limited by the scope of any administrative investigation that can reasonably be expected to follow the EEOC charge. MacKenzie v. City & County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). "'Discrete acts such as termination [or] failure to promote . . . are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."'" Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)). The Supreme Court in Morgan directed that a plaintiff must exhaust administrative remedies for each discrete incident of discriminatory or retaliatory treatment. Id. This requirement protects employers by conveying notice to the employer of a violation, which facilitates internal resolution of the issue. Id. at 1211.

Plaintiff's EEOC charge alleges discrimination based on both "sex" and "retaliation."[3]

(See EEOC Charge, Defs.' Mot. Ex. 1.)  Plaintiff specifically alleges:

I.  A.  From approximately September 2005 until I was discharged, I was repeatedly subjected to objecti[onable] and offensive treatment . . . having the effect of embarrassing, ridiculing, tormenting, bothering[,] and coercing me.  I repeatedly objected to and reported the hostile work environment . . . but the Respondent employer made no good faith effort to correct the conditions of employment.

B.  On or about October 13, 2006, I was discharged from my position . . . when I was presented with an Agreement, Waiver and Release document.

II.  A.  No reason(s) were given for the harassment.

B.  When I asked . . . if I did not sign the Release, "Was I still an employee?" [the Human Resources Director] responded, "You don't want to work in that situation!"  No other reason(s) were given for the discharge.

III.  I believe I have been discriminated against because of my sex, Female, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). . . .  I further believe that I was retaliated against for complaining . . . about the hostile work environment, which is in violation of . . . Title VII.

(EEOC Charge.)  The Court will review each of the Title VII claims alleged in Plaintiff's complaint to determine if Plaintiff exhausted applicable administrative remedies.

A.  *Hostile Work Environment*

The allegations of Plaintiff's EEOC charge explicitly allege that she suffered from a sex-based hostile work environment ("HWE"), and they are consistent with both the fact

---

[3]  Although Plaintiff's EEOC charge and complaint make references to discrimination on account of her perceived disability, she does not bring a separate federal disability discrimination claim in her complaint.

background portion and the specific "Count I" Title VII allegations of Plaintiff's complaint.[4]

(See Compl. ¶¶ 13-45.)  The Court agrees with Defendants that Plaintiff's "Count I" ideally

should have made a reference to a "hostile work environment," but it declines to dismiss this

claim for lack of the "magic words" in light of both the EEOC charge and the contents of the

complaint clearly showing that her Title VII claim is based largely upon facts demonstrating

a hostile work environment.  Thus, Plaintiff has exhausted her administrative remedies in

regards to a hostile work environment claim, and the Court properly has subject matter over

this claim.

     *B. Disparate Treatment*

        *1. Termination/Constructive Discharge*

     Plaintiff did refer to her termination from Defendants' employment both on her EEOC

charge and in the paragraphs of her complaint encompassing the factual background and

federal discrimination allegations, all of which indicate that Plaintiff did not voluntarily leave

her position with Defendants.  (See Compl. ¶¶ 9, 31, 42.)  Defendants concede that Plaintiff

exhausted her administrative remedies on her termination/constructive discharge claim; thus,

the Court has subject matter jurisdiction over this claim.  (See Def.'s Mot. at 4; Def.'s Reply

at 3.)

---

    [4] To establish a prima facie case of a sexually hostile work environment under Title VII, a plaintiff generally must show that she suffered from unwelcome sex-based harassment pervasive or severe enough to alter the terms, conditions, or privileges of employment and create an abusive working environment.  Dick v. Phone Directories Co., 397 F.3d 1256, 1262-63 (10th Cir. 2005).

*2.  Constructive Demotion and Failure to Promote*

In her complaint, Plaintiff alleges both that she suffered from a discriminatory constructive demotion and that Defendants failed to promote her to a managerial position on account of her sex.  (See Compl. ¶¶ 13-20, 37-41.)[5]  Plaintiff, however, made no reference to either a discriminatory constructive demotion or Defendants' failure to promote her to manager in her EEOC charge.  Plaintiff's charging Defendants with "embarrassing, ridiculing, tormenting, bothering[,] and coercing" her does not indicate that she is bringing claims regarding these discrete discriminatory events.  Plaintiff argues that because these incidents occurred within the time window that would be investigated regarding her EEOC charge, the investigation would have notified Defendants as to these events.  However, under Morgan, each such employment action qualifies as a separate, actionable incident of discrimination for which exhaustion of administrative remedies is required.  See Martinez, 347 F.3d at 1210 (noting that following Morgan "unexhausted claims involving discrete employment actions are no longer viable"); see also Annett, 371 F.3d at 1238 (explaining that the court's examination is no longer limited to determining whether the alleged employment action is "like or reasonably related to" the allegations of the EEOC charge).  While Plaintiff may be able to use evidence regarding these employment actions in support of her hostile work environment claim, cf. Morgan, 536 U.S. at 118, she cannot bring

---

[5] If proven, either of these events would likely constitute an adverse employment action that would violate Title VII.  See Annett, 371 F.3d at 1237-38 (noting that an adverse employment action consists of "'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits'" (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998))).

6

separate discrimination claims for constructive demotion and failure to promote, because Defendants were not adequately put on notice of these adverse employment actions by the EEOC charge and the Court lacks subject matter over these as separate disparate treatment claims.

### 3. Discriminatory Pay

Defendants additionally argue that Plaintiff's claims regarding equal pay "are so vague and ambiguous that Defendants can hardly be expected to respond." (See Defs.' Mot. at 4 n.2.)  Plaintiff, however, asserts that she is not bringing a separate claim regarding equal pay but is only presenting evidence of the failure of Defendants to timely consider an increase in salary as further evidence of the hostile work environment she faced.  (See Pl.'s Resp. at 5.)  Plaintiff did not allege a claim under the Equal Pay Act ("EPA"), 29 U.S.C. § 206 et seq., in her complaint.  Although Plaintiff's decision not to sue under the EPA would not prevent her from also bringing a sex-based pay discrimination claim under Title VII,[6] the Court agrees with Defendants that Plaintiff has not exhausted her administrative remedies for a discriminatory pay claim under Title VII.  Plaintiff's EEOC charge contains no allegations regarding discriminatory compensation based on sex, and so the Court lacks subject matter jurisdiction over a separate discriminatory pay disparity claim.

---

[6] Although a plaintiff may bring only an unequal-pay-for-equal-work claim under the EPA, Title VII prohibits any discrimination "with respect to [an individual's] compensation" on the basis of that individual's sex.  See 42 U.S.C. § 2000e-2(a)(1); Sprague v. Thorn Ams., Inc., 129 F.3d 1355, 1362-63 (10th Cir. 1997) ("[T]he EPA's requirement that a plaintiff prove equal work does not apply to Title VII.  Rather, a cause of action for discriminatory compensation based on sex could arise under Title VII even if a plaintiff did not allege unequal pay for equal work." (internal quotation marks omitted)).

*II. Fed. R. Civ. P. 12(b)(6)*

Defendants' argument to dismiss Plaintiff's Title VII claims under Fed. R. Civ. P. 12(b)(6) likewise fails, because Plaintiff's complaint sets forth "'enough facts to state a claim to relief that is plausible on its face.'" <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)).  In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must assume as true all well-pleaded factual allegations in the plaintiff's complaint, view them in the light most favorable to the plaintiff, and resolve all reasonable inferences in the plaintiff's favor.  <u>Seamons v. Snow</u>, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  In order to survive Defendants' motion to dismiss, Plaintiff "must 'nudge[ ] [her] claims across the line from conceivable to plausible.'" <u>Ridge at Red Hawk</u>, 493 F.3d at 1177 (first alteration in original) (<u>quoting</u> <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1974).  The Tenth Circuit has described this inquiry to mean that "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." <u>Id.</u>  For the reasons explained above, Plaintiff's complaint sufficiently indicates that she has a reasonable likelihood of mustering support for her federal employment discrimination claims, and so dismissal under Rule 12(b)(6) is not warranted.

*III. Conclusion*

For the reasons stated herein, Defendants' motion to dismiss (Dkt. No. 7) is DENIED, subject to the exceptions outlined herein.  Due to lack of subject matter jurisdiction, Plaintiff shall be limited to asserting hostile work environment and discriminatory termination/discharge federal employment claims under Title VII, along with her unlawful retaliation and negligent retention state law claims.

IT IS SO ORDERED this 5th day of December, 2007.


ROBIN J. CAUTHRON
United States District Judge