IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KARLA M. KALKA, )
)
Plaintiff, )
)
vs. ) Case Number CIV-07-708-C
)
NATIONAL AMERICAN INSURANCE COMPANY, INC., an Oklahoma Corporation; and CHANDLER USA, INC., an Oklahoma Corporation, )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present motion following the parties' inability to resolve disputes regarding Plaintiff's outstanding discovery requests. According to Plaintiff, the parties met prior to filing the motion in an attempt to resolve their dispute and, although they were able to resolve some of the outstanding issues, Defendants' responses remain incomplete. Therefore, Plaintiff filed the present motion seeking the assistance of the Court.

In Request for Production No. 1, Plaintiff seeks all personnel and/or human resources-related documents for a rather extensive list of employees and/or ex-employees of National American Insurance Company ("NAICO"). Defendants provided responsive documents for several of the employees, but objected to others as being outside the scope of discovery. Plaintiff also argues that Defendants have failed to produce attendance records for any of the employees.

In response to Plaintiff's Motion, Defendants object, arguing that the information for the remaining employees is irrelevant to the questions at issue in this case, as those employees were not employed in the same department as Plaintiff and did not have similar job responsibilities or duties. The Court finds Defendants' objection well-taken. While Plaintiff is certainly entitled to discover information related to employees who were similarly situated to her, it is clear that a number of the employees on her list do not fall within that category.

As the Tenth Circuit has made clear, "'[s]imilarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline.'" Aramburu v. The Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997) (quoting Wilson v. Utica Park Clinic, Inc., unpublished, No. 95-5060, 1996 WL 50462 (10th Cir. Feb. 7, 1996)). Because the information about employees who are not similarly situated to Plaintiff lacks any relevance in proving or disproving her claims, Plaintiff has failed to make a showing that the requested information is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, as for the employees who are similarly situated to Plaintiff, the Court finds Plaintiff is entitled to discover their attendance records and Defendants should produce those within ten days of the date of this Order.

In Request for Production No. 2, Plaintiff seeks Pikepass records showing travel on Oklahoma's turnpike system for work days for the last three years for a lengthy list of employees. Defendants object, asserting that the request is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

According to Defendants, the information would be difficult to obtain because certain Pikepasses have been recycled or reassigned during the three-year period. Plaintiff argues that she is entitled to the records, as they would show where a certain employee was at a specific time and, if he/she was not at that location on company business, it would support her claim that she was treated differently than other employees.

The Court is not persuaded by Plaintiff's arguments. As Defendants note, simply gathering the material would pose a difficult, if not impossible, task. Second, even after the records were obtained, a substantial undertaking would have to occur to determine for what purpose any given employee may have been traveling on any given day. Given the limited benefit the information would have to Plaintiff's case, the Court finds the burden of producing the information is too great. See Fed.R.Civ.P. 26(b)(2)(C)(iii). Plaintiff's motion will be denied on this point.

In Request for Production No. 3, Plaintiff seeks all cellular telephone records of certain NAICO employees or ex-employees for the last five years, and also seeks production of all the internal land-line telephone records for the last five years.

Defendants again object, arguing the request is overbroad and unduly burdensome. Defendants also note that they do not have the personal telephone or cell phone records of the listed employees and could not comply with that request. Plaintiff notes that she is only seeking their business phones, and not their personal phone records.

However, even as limited in that manner, the Court finds that again Plaintiff's request is unduly burdensome. As with the Pikepass records, the limited benefit to be gained from

the telephone records is significantly outweighed by the expense and burden of compiling the information sought by Plaintiff.

In Request for Production Nos. 4, 5, and 6, Plaintiff seeks documentation for the last seven years pertaining to business and personal usage of any aircraft owned, leased, or operated under the direction of NAICO or Brent LaGere, or any of their subsidiaries or related companies; hotel/motel records from the Comfort Inn in Valentine, Nebraska, or the name of any other hotel/motel, along with a list of the rooms booked, method of payment, whether the rooms were booked individually or under NAICO/Chandler USA, along with an identification of the employees who were staying in the identified hotels; and documentation regarding business or personal use of Davenport Farms, including, but not limited to, the date of such visits, the guest lists, any employees who attended, and the method of payment.

Defendants object to Request for Production Nos. 4, 5, and 6 arguing they are overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues that the information is relevant to demonstrate a disparate treatment between male and female employees of Defendants. According to Plaintiff, numerous male employees were invited on hunting trips, yet no female employees were entitled to go.

The Court finds Plaintiff's requests fail to seek discoverable information. Simply because an employer chooses to engage in extra-curricular activity with one employee, does not, in and of itself, indicate that it is discriminating against another employee. And if those

employees are of opposite gender, it does not indicate discrimination based on that gender. In the absence of some evidence from Plaintiff identifying a discriminatory intent in the trips, the Court finds the information sought by Plaintiff is not discoverable.

In Request for Production No. 7, Plaintiff seeks all interoffice communication for the past seven years by any member of management or employees regarding Plaintiff's employment, including, but not limited to, all electronic mail, back-up tapes, workers' compensation claims, disciplinary matters, promotions, performance evaluations, and employment termination, along with the "special file" that Rick Evans alluded to in an e-mail.

Defendants object, asserting that they are unable to produce any additional e-mails that have not already been produced, as they do not back those up. Plaintiff argues that she has information from a former employee that back-ups of the e-mails are in fact made and stored off-site. However, Plaintiff has failed to offer any evidence in support of her contention that back-up files exist. In her motion, Plaintiff asserts that she is in the process of obtaining an affidavit or deposition of the ex-employee; however, that information has not been provided to the Court. Plaintiff has attached a copy of an e-mail that appears to be from Rick Evans, an employee of Defendants, to Cheryl Griggs, also an employee of Defendants, suggesting that e-mail be placed in the "special file." Defendants assert in their response that they have provided all information requested by Plaintiff and, to the extent they find any other responsive documents, they will be produced. In the absence of any additional

argument from Plaintiff indicating that the documents have in fact not been produced as attested to by Defendants, the Court finds Plaintiff's motion should be denied on this point.

In Request for Production No. 8, Plaintiff seeks all documentation relating to the reassigning of claims/job projects which were assigned to Plaintiff but reassigned to other NAICO/Chandler USA employees. Plaintiff also seeks a complete copy of her personal computer hard drive and the hard drives of Defendants' employees. Defendants note that they have indicated to Plaintiff that they will make the hard drives available on its premises at Plaintiff's cost, but Plaintiff has failed to take advantage of this offer.

The Court finds Defendants' response in this regard is sufficient. To the extent Plaintiff complains that certain information was not preserved or was destroyed after Defendants should have been on notice of the existence of her lawsuit, the evidence currently before the Court is insufficient to make any finding in that regard. Plaintiff's motion will be denied on this issue.

In Request for Production No. 9, Plaintiff seeks all documentation regarding disciplinary or counseling action regarding Ray Herring's interaction with Kacey Bishop, including but not limited to, e-mails, instant messages, handwritten or typewritten notes of verbal acknowledgment, and/or any other documentation. Defendants assert that they have provided the requested information.

Again, in the absence of any evidence from Plaintiff to the contrary, the Court finds Defendants' assertion sufficient and will deny Plaintiff's motion on this point.

In Request for Production No. 10, Plaintiff seeks all documentation that pertains to disciplinary action taken by Defendants against her, including any e-mail, handwritten or typewritten notes of either verbal or written communications prior to Plaintiff's meeting with Lance LaGere and Steve Blain on or about October 12, 2006.

Again, Defendants indicate that all documents in their possession have previously been produced and Plaintiff has failed to offer any evidence demonstrating that that is not the case. Accordingly, Plaintiff's motion will be denied on this point.

In Request for Production No. 11, Plaintiff seeks all documentation for the past seven years from her WINS computer log for before 8:00 a.m. and after 5:00 p.m., including where Plaintiff was located at the time of log-in and the date and time that the MIS downloaded software on her personal home computer.

Defendants indicate that they have no responsive documents, as there are no logs containing this information and NAICO has no record of when software was downloaded. In her motion, Plaintiff, through counsel, argues that she was told by the MIS department that it does run back-ups and knows whether individuals are logged into the WINS, a claims software, as she had been told before to log off during evening hours or she would be booted from the system until the back-up was completed.

Plaintiff has again failed to produce any evidence supporting the assertions set forth in her motion that the information sought exists and is retrievable. Therefore, her request will be denied on this point.

In Request for Production No. 12, Plaintiff seeks all documentation regarding the meeting held and attended by Lance LaGere, Ray Herring, Steve Blain, and Rick Evans to discuss Plaintiff's medical condition. Defendants again assert they have produced all responsive documents, to which Plaintiff responds that no documents have been identified. However, as noted earlier, Plaintiff has indicated that following the face-to-face conference, Defendants indicated they would identify which of the documents they have produced were responsive to which discovery requests.

In the absence of any evidence to the contrary from the Plaintiff, the Court will take the assertion by Plaintiff of Defendants' counsel on its face. To the extent defense counsel has failed to properly identify the documents as required by the Federal Rules of Civil Procedure, Plaintiff may renew her motion on that issue.

In Request for Production No. 13, Plaintiff seeks information of loans from personal 401K funds to Brent LaGere to purchase NAICO/Chandler USA stock. Defendants objected, arguing that the information seeks confidential and privileged information which is not reasonably calculated to lead to the discovery of admissible evidence.

The Court agrees that Plaintiff has failed to make any showing that the requested information is discoverable. Accordingly, Plaintiff's motion will be denied on this point.

In Request for Production No. 14, Plaintiff seeks all documentation transmitted to persons or business entities outside of NAICO regarding Plaintiff's termination including, but not limited to, telephone conversations, e-mail, instant messages, handwritten or typewritten notes of verbal communications, and/or any other documentation relating thereto.

Defendants assert that the responsive documents, to the extent they exist, have been produced. Again, Plaintiff has failed to offer any evidence to the contrary, and her motion will be denied on this issue.

In Request for Production No. 15, Plaintiff seeks all documentation regarding NAICO/Chandler USA's counseling of Ray Herring to establish better communication. Defendants assert that all responsive documents have been produced. Plaintiff argues that no documents have been identified as responsive to that request. For the reasons set forth herein in addressing Request for Production No. 12, Plaintiff's motion will be denied without prejudice to refiling, if necessary.

In Request for Production Nos. 16, 17, and 18, Plaintiff seeks information regarding the catastrophic claims that were removed from her on September 27, 2006; all documentation regarding her annual evaluation for January 2, 2007; and all documentation which supports Defendants' contention that Plaintiff was out of the office and did not make arrangements to be out of the office. Defendants assert the responsive documents were produced Accordingly, for the reasons set forth herein in addressing Request for Production No. 12, Plaintiff's motion will be denied without prejudice to refiling, if necessary.

In Request for Production No. 19, Plaintiff seeks all documentation in which Defendants have accommodated other employees to permit them to work off-site and/or from home, including each employee's name, title, job description, length of accommodation, WIN server documentation, etc. Defendants assert that there is no documentation, identify

that certain employees have in fact worked from home, and that they do not have the ability to provide WINS log-in information, as that information is not collected or stored.

In her motion, Plaintiff sets forth the names of three individuals that she claims were permitted to work from home to accommodate their needs. However, as Defendants note in their response brief, those employees worked at a completely different location from Plaintiff and there is no evidence they were in any way similarly situated to Plaintiff. Accordingly, the Court finds the information regarding those employees is not discoverable and Plaintiff's motion will be denied.

In Interrogatory No. 1, Plaintiff seeks the names of all employees or officers who are currently driving or have driven an automobile purchased by Defendants within the last seven years. Defendants object, arguing that the interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff argues that there is a disproportionately large number of company vehicles given to male employees, as opposed to female employees, and thus the information is relevant.

The Court disagrees. Plaintiff has failed to identify the basis for her assertion regarding the number of vehicles given to male employees versus those given to female employees. Likewise, she has failed to indicate how the differing job responsibilities of those employees may well impact their entitlement to a company vehicle. In short, the Court finds Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence.

In Interrogatory No. 2, Plaintiff seeks the names of all women within NAICO/Chandler USA who did not possess an equity share of the company who have been promoted from a supervisory level to a managerial level within the last seven years. Defendants object, asserting it is not clear what Plaintiff means by equity share. In the parties' briefs, it is noted that Plaintiff has now defined her meaning of the term equity share and Defendants have agreed to supplement their response. Accordingly, Plaintiff's motion is moot on this point.

For the reasons set forth more fully herein, Plaintiff's Motion to Compel (Dkt. No. 87) is DENIED in part and GRANTED in part. To the extent the motion is granted, responsive documents from Defendants shall be produced within ten days from the date of this Order. Because both parties' positions were, in part, substantially justified, no award of fees or expenses is appropriate.

IT IS SO ORDERED this 26th day of January, 2009.

ROBIN J. CAUTHRON
United States District Judge