IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARLA M. KALKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-07-708-C |
| | ) |
| NATIONAL AMERICAN INSURANCE COMPANY, INC., an Oklahoma Corporation; and CHANDLER USA, INC., an Oklahoma Corporation, | ) ) ) ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion seeking reconsideration of the Court's January 26, 2009, Order which granted in part and denied in part her Motion to Compel. In her motion, Plaintiff argues the Court defined the scope of discovery too narrowly by using an overly restrictive definition of which employees were similarly situated. Specifically, Plaintiff requests the Court reconsider its ruling on Requests for Production Nos. 1, 4, 5, and 6.

As for Requests 4, 5, and 6, the Court finds Plaintiff has failed to offer any argument that was not previously considered and rejected by the Court. In the absence of some suggestion that who went on the hunting trips was premised on some improper basis, the information sought lacks sufficient relevance to the issues present in the case to offset the burden of responding. Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court is persuaded to alter somewhat its ruling regarding Request No. 1. The materials presented before the Court clearly demonstrate that application of Defendants' attendance policy was discretionary with each supervisor. Plaintiff has also offered argument and evidence demonstrating that

discovery of attendance records may lead to the discovery of admissible evidence. Thus, the Court finds that Defendants must produce, to the extent not previously produced, attendance records for the individuals listed in Request for Production No. 1, with the exception of any individuals listed who are officers or directors of Defendants or who are under the direct supervision of Defendants' officers or directors. To what extent these individuals may properly be considered similarly situated to Plaintiff will be addressed prior to trial as necessary.

For the reasons set forth more fully herein, Plaintiff's Motion to Reconsider (Dkt. No. 94) is DENIED in part and GRANTED in part. To the extent the motion is granted, responsive documents from Defendants shall be produced within ten days from the date of this Order.

IT IS SO ORDERED this 9th day of March, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge